**SIGNED THIS: December 22, 2005**

_____
**THOMAS L. PERKINS
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BARBARA A. GUTHRIE, | ) | No. 05-82828 |
| | ) | |
| Debtor. | ) | |

## O P I N I O N

This matter is before the Court on a Motion for Summary Judgment filed by Janet Voss (VOSS), the largest creditor of the Debtor, Barbara A. Guthrie (DEBTOR). VOSS obtained a prepetition fraud judgment against the DEBTOR in state court for over $200,000.00 on a complaint alleging theft by the DEBTOR while working for VOSS as a home healthcare provider. After VOSS sought to foreclose her judgment lien on the DEBTOR'S real estate, the DEBTOR filed a petition for protection under Chapter 13 on June 7, 2005.

The DEBTOR filed her Chapter 13 Plan proposing to pay $200.00 per month for 36 months. Her schedule of secured creditors lists VOSS as holding a judgment lien on two

parcels of real estate, owned jointly with a nondebtor, one of which is encumbered by a prior mortgage, and both of which are to be surrendered to her secured creditors. Sale at foreclosure of both parcels is likely to net VOSS approximately $23,000.00, leaving an unsecured deficiency balance of $199,000.00. Under the Plan, unsecured creditors are projected to receive $4,043.00, or 2% of their claims, yielding only $3,920.00 to VOSS on her unsecured claim of $199,000.00.

VOSS filed a combined objection to the Plan and motion to dismiss or convert and, subsequently, filed separate motions to dismiss and to convert. The thrust of VOSS' pleadings is that neither the Plan nor the bankruptcy case itself has been filed in good faith on the theory that rather than making a good faith effort to pay VOSS, the DEBTOR is using Chapter 13 to avoid responsibility for her fraudulent conduct. VOSS argues for summary judgment on the basis that the state court fraud judgment must be given *res judicata* effect in bankruptcy and that there is no genuine issue as to any other material fact. The DEBTOR contends that the question of good faith requires a totality of the circumstances analysis that merits a trial.

The DEBTOR is correct. The requirement of a debtor's good faith is applicable both to the Chapter 13 case and to the Chapter 13 Plan. *In re Smith,* 286 F.3d 461 (7th Cir. 2002). A lack of good faith may constitute cause for denial of confirmation of a plan or for dismissal of the Chapter 13 case. The inquiry may be generalized by asking whether the debtor is really trying to pay his creditors to the reasonable limit of his ability or is he trying to thwart them? 286 F.3d at 466. It often comes down to whether the filing is "fundamentally unfair." *Id.*

2

Notwithstanding these generalities, courts, including the Seventh Circuit, have used specific factors in making a good faith analysis. *Smith, supra; In re Rimgale,* 669 F.2d 426 (7th Cir. 1982). Often cited are the twelve factors set forth in *In re Estus,* 695 F.2d 311, 317 (8th Cir. 1982).[1] A consideration of all relevant factors is to be made in the context of evaluating the totality of the circumstances. *Smith, supra.*

VOSS' focus on the circumstances surrounding the fraud debt, the state court judgment, the nondischargeability of that debt in Chapter 7, and the minimal payment to unsecured creditors proposed in the Plan, is overly narrow. Of the numbered *Estus* factors, this Court has no information as to factors 2, 8 and 10. As reflected in factor 10, good faith is, in part, a question of the DEBTOR'S motivation and sincerity in seeking Chapter 13 relief. This requires the Court to hear from the DEBTOR. Whether the DEBTOR is acting with a "pure heart" is a material question of fact as to which she is entitled to present evidence. In addition, the Court is of the view that how the DEBTOR spent the funds she obtained from VOSS and from the mortgage loan is also relevant.

The presence of genuine issues of material fact precludes summary judgment. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###

---

[1] In addition to the eleven numbered factors, the twelfth factor used by that court is the percentage of repayment to unsecured creditors.